**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 23, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50747
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY MCVALE WILLIAMS,

Defendant-Appellant

-------------------
Consolidated with
No. 03-50748
-------------------

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

TERRY MCVALE WILLIAMS,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. MO-03-CR-21-1
--------------------

Before SMITH, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Terry McVale Williams (Williams) appeals his convictions for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

two counts of aiding and abetting the distribution of five grams or more of cocaine base. Williams contends that he was convicted on insufficient evidence because there was no evidence to corroborate his confession. Williams further contends that because the evidence was insufficient to convict him, the evidence was also insufficient to support the revocation of his supervised release.

Because Williams moved for a judgment of acquittal in the district court, we review the sufficiency of the evidence to determine whether, considering all the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt. United States v. Mendoza, 226 F.3d 340, 343 (5th Cir. 2000). The extrinsic evidence, which included the testimony of several surveillance officers, was sufficient to corroborate Williams's confession, and the evidence as a whole supports his convictions. *See* United States v. Garth, 773 F.2d 1469, 1479 (5th Cir. 1985). Thus, the district court did not abuse its discretion in revoking Williams's supervised release based on his convictions for aiding and abetting. *See* United States v. McCormick, 54 F.3d 214, 219 (5th Cir. 1995). Accordingly, Williams's convictions and the revocation of his supervised release are AFFIRMED.